**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| VOLKSWAGEN GROUP OF AMERICA, INC., Plaintiff, v. A2XSHURUPSAH7F, et al. Defendants. | Case No. 26-cv-10745 **Judge John J. Tharp Jr.** **Magistrate Judge Daniel P. McLaughlin** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ELECTRONIC SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 4(f)(3)**

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff Volkswagen Group of America, Inc. ("Plaintiff") requests this Court's authorization to serve process by electronically publishing a link to the Amended Complaint, the Temporary Restraining Order, and other relevant documents on a website and by sending an e-mail with an attachment of the relevant documents and a link to said website to an e-mail address for each Defendant. Plaintiff submits that providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, is reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

**ARGUMENT**

Electronic service is appropriate and necessary in this case because off-shore e-commerce store operators offering for sale products using infringing intellectual property typically: (1) provide false, misleading and/or incomplete names and physical address information to conceal their locations and avoid liability for their unlawful conduct; and (2) rely primarily on electronic

communications to communicate with their third-party service providers and customers, demonstrating the reliability of this method of communication by which Defendants may be apprised of the pendency of this action. Declaration of Jennifer V. Nacht (the "Nacht Declaration") at ¶ 2. Additionally, under the INFORM Consumers Act, e-commerce platforms are required to obtain a working e-mail address from sellers. *See* 15 U.S.C. § 45f. Authorizing service of process solely via e-mail and electronic publication will benefit all parties and the Court by ensuring that Defendants receive prompt notice of this action, thus allowing this action to move forward expeditiously.

Plaintiff has good cause to suspect the Defendants are residents of China. *See* Nacht Declaration at ¶ 3; *see* Exhibit 2 to the Amended Complaint [17]. The country that Defendants reside in is a signatory to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Convention"). Nacht Declaration at ¶ 3. This member country that has objected to service of process via postal channels. *See id.* However, for the reasons provided below, Plaintiff's investigation has determined these Defendants' addresses are unknown, so the Hague Convention does not apply. Accordingly, service of process by e-mail as to all Defendants in this case is proper pursuant to Rule 4 of the Federal Rules of Civil Procedure.

## I. THE HAGUE CONVENTION DOES NOT APPLY WHERE DEFENDANTS' ADDRESSES ARE UNKNOWN

According to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known." Nacht Declaration at ¶ 3; *see Kangol LLC v. Hangzhou Chuanyue Silk Imp. & Exp. Co.*, 177 F.4th 793, 799 (7th Cir. 2026) (finding that the Hague Convention does not apply if defendant's address is not known pursuant to Article 1 of the Hague Convention). Plaintiff's reasonably diligent investigation into

Defendants' addresses shows Defendants' addresses are unknown, so the Hague Convention does not apply. Accordingly, service of process by e-mail on these Defendants is permissible.

### A. Plaintiff's Investigation into Defendants' Purported Addresses

#### 1. Plaintiff's Attempt to Obtain Physical Addresses Directly from Defendants

Plaintiff issued expedited discovery requests to Defendants using the e-mail addresses provided by the relevant third-party marketplace platform requesting, among other things, Defendants' physical addresses. *See* Nacht Declaration at ¶ 5. As of today's filing, Plaintiff has not received responses to the expedited discovery requests from any Defendants in this case, or any other sworn statement by the Defendants under penalty of perjury regarding Defendants' addresses.[1] *Id.* Accordingly, Plaintiff could not obtain Defendants' addresses directly from Defendants.

#### 2. Plaintiff's China-based Multifaceted Investigation of Defendants' Purported Addresses

In most instances, Defendants must provide contact information, usually an e-mail address and physical address, to third-party online marketplace platforms when registering their account. Nacht Declaration at ¶ 4. Accordingly, Plaintiff issued expedited discovery requests on the e-commerce platforms requesting Defendants' contact information and addresses. *Id.* at ¶ 5. In response to court-ordered expedited discovery requests, third-party online marketplace platforms generally provide a Seller Alias, an e-mail address, a business name (if available), and an address

[1] Any statement provided by a Defendant "that lacks a certification under penalty of perjury has no evidentiary value . . . [f]rom an evidentiary standpoint, it's weightless. So the Court disregards it." *Zavala-Alvarez v. Darbar Mgmt.*, 617 F. Supp. 3d 870, 886 (N.D. Ill. 2022). "This is because a declarant is 'putting himself at risk' by subjecting himself to perjury, thereby giving the court assurances that the information contained within the declaration is reliable." *Got Docs, LLC v. Kingsbridge Holdings, LLC*, 2023 U.S. Dist. LEXIS 219208, at *6 (N.D. Ill. Dec. 8, 2023) (*quoting Hudson v. Preckwinkle*, 2015 U.S. Dist. LEXIS 41981, 2015 WL 1541787, at *13 (N.D. Ill. Mar. 31, 2015)); *see also* 28 U.S.C. § 1746 (an unsworn statement can only have the effect of a sworn statement where a declarant agrees to subject themselves to the "penalty of perjury").

each Defendant input when registering their account. *Id.* Plaintiff's China-based investigators completed searches using the Defendants' provided Seller Alias, address, and business name (if available) through a variety of search engines, databases, and platforms. Declaration of Lijia Chen (the "Chen Declaration") at ¶¶ 3-20.

Specifically, Plaintiff's investigators, who are fluent in English and Chinese, reviewed each provided address to see if it is a complete address, and then searched the provided address in Baidu Maps. Chen Declaration at ¶¶ 2, 13-14. Under Chinese law, surveying and mapping is strictly regulated, and only entities holding a certain government qualification (Class A qualification) can provide Internet map services. *Id.* at ¶ 6. Baidu holds a Class A qualification for the production of navigable electronic maps and the provision of Internet map services in China. *Id.* Plaintiff's investigators then searched each Defendant's Seller Alias and business name (if available) on Qichacha, a commercial aggregator of Chinese public corporate data, which sources data from multiple Chinese government databases, including the National Enterprise Credit Information Publicity System (NECIPS), the official corporate and business registry of Mainland China. *Id.* at ¶¶ 7-8, 15-17. NECIPS is a free, publicly accessible platform that publishes annual reports submitted by businesses in China and the business-abnormality list. *Id.* at ¶¶ 8-10. The business-abnormality list is a reporting list of businesses that could not be contacted at their registered business address during a random inspection by the Chinese government. *See Id.* at ¶ 10. NECIPS also indicates when a business has been deregistered or revoked. *Id.* at ¶¶ 11-12.

Based on Plaintiff's investigation, there was no evidence indicating that the Defendants were available for service at the addresses provided by third-party online marketplace platforms. *See* Chen Declaration at ¶ 20.

### B. Plaintiff's Investigation Was Reasonably Diligent Under the Circumstances of this Case

Whether a party acted with reasonable diligence is "resolved upon the facts and circumstances of the particular case." *Eschweiler v. United States*, 877 F.2d 634, 636 (7th Cir. 1989). Reasonable diligence does not require "impracticable and extended searches . . . in the name of due process." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 317-18 (1950). "Due process does not require [a] plaintiff to be a private investigator and determine the actual whereabouts of defendants before commencing an action[.]" *Hugel v. McNell*, 886 F.2d 1, 5 (1st Cir. 1989). Rather, reasonable diligence generally means "that the plaintiff 'ha[s] attempted to obtain [the defendant's] address in a variety of ways.'" *Peanuts Worldwide LLC v. P'ships, et al.*, 347 F.R.D. 316, 327-28 (N.D. Ill. 2024).

As discussed above, e-commerce sellers typically must provide an e-mail address and physical address to third-party online marketplace platforms when registering their account. Nacht Declaration at ¶ 4. However, e-commerce platforms do not adequately subject new sellers to verification and confirmation of their identities, allowing sellers to "routinely use false or inaccurate names and addresses when registering with these e-commerce platforms."[2] Accordingly, even if a marketplace platform provides an address for a Defendant, it is unlikely to be legitimate. *See* Nacht Declaration at ¶¶ 2, 6.

Plaintiff requested that Defendants provide their addresses, but none of them did. *Id.* at ¶ 5. Accordingly, Plaintiff's investigation is confined to the limited information provided by Defendants to the third-party marketplace platforms. Plaintiff's investigators searched Defendants' addresses, Seller Aliases, and business names (if available) shared by the platforms

[2] *See* Daniel C.K. Chow, *Alibaba, Amazon, and Counterfeiting in the Age of the Internet*, 40 NW. J. INT'L L. & BUS. 157, 186 (2020).

on multiple databases, including two comprehensive databases specifically developed for the Chinese market, and a government database that reports when a business could not be contacted at their registered business address. *See* Chen Declaration at ¶¶ 5-18. These are reasonably diligent efforts to determine whether Defendants' addresses are not known. *See Hallmark Licensing, LLC v. P'ships & Unincorporated Ass'ns Identified in Schedule "A"*, Case No. 24-cv-00112 (N.D. Ill. Mar. 31, 2025) (Docket Entry No. 70) (Bucklo, J.) (unpublished) ("Plaintiff offered evidence of its reasonably diligent efforts to ascertain defendant's address—including by using the very search engine ('Baidu') that defendants argue is used in China—and was unable to confirm it."); *see Union Imagination Tech. Co. Ltd. v. MHBEST*, Case No. 26-cv-05537 (N.D. Ill. July 8, 2026) (Docket Entry Nos. 17, 18) (Tharp, Jr., J.) (unpublished) (finding that Google Maps and Baidu Maps searches of Defendants addresses were "reasonably diligent efforts to ascertain and verify [the] defendant's mailing address"); *see Piechowicz v. P'ships & Unicorporated Ass'ns*, 2024 U.S. Dist. LEXIS 176326, at *2-3 (S.D.N.Y. Sep. 24, 2024) (finding that "researching the address listed on the Amazon storefront of each Defendant; searching for the address on multiple search engines, including a Chinese service; and searching for potential other addresses of each Defendant on multiple search engines" is reasonably diligent); *see Orient Plus Int'l Ltd. v. Baosheng Media Grp. Holdings Ltd.*, 2024 U.S. Dist. LEXIS 92931, at *9-10 (S.D.N.Y. May 22, 2024) (finding that "search[ing] publicly available records using Google, Baidu, and the PRC Ministry of Public Security's database" was reasonably diligent).

## II. E-MAIL SERVICE IS PROMPT, RELIABLE, AND PROPER UNDER RULE 4

Federal Rule of Civil Procedure 4(f)(3) allows this Court to authorize service of process by any means not prohibited by international agreement as the Court directs. *See* Fed. R. Civ. P. 4(f)(3); *Gianni Versace, S.P.A. v. P'Ships, et al.*, 2019 U.S. Dist. LEXIS 94989, at *3 (N.D. Ill.

Feb. 27, 2019 (citing *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)). The Ninth Circuit in *Rio Properties* held, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable." *Id.* at 1017. The Court reached this conclusion, in part, because the defendant conducted its business over the Internet, used e-mail regularly in its business, and encouraged parties to contact it via e-mail. *Id.*

The plain language of Rule 4 does not require that a party attempt service of process by methods enumerated in Rule 4(f)(2) before petitioning the court for alternative relief under Rule 4(f)(3). *See* Fed. R. Civ. P. 4(f)(3); *see also Rio Props.*, 284 F.3d at 1014 (holding that alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which an international defendant may be served); *see AngioDynamics, Inc. v. Biolitec AG.*, 780 F.3d 420, 429 (1st Cir. 2015) ("By its plain terms, Rule 4(f)(3) does not require exhaustion of all possible methods of service before a court may authorize service by 'other means,' such as service through counsel and by email."); *see Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239-40 (Fed. Cir. 2010); *Enovative Techs., LLC v. Leor*, 622 F. App'x 212, 214 (4th Cir. 2015); *see Freedom Watch, Inc. v. Org. of the Petroleum Exporting Countries OPEC*, 766 F.3d 74, 81-82 (D.C. Cir. 2014); *cf. Compañía De Inversiones Mercantiles, S.A. v. Grupo Cementos de Chihuahua S.A.B. de C.V.*, 970 F.3d 1269, 1293-94 (10th Cir. 2020).

Finally, Court-directed electronic service pursuant to Rule 4(f)(3) is particularly appropriate in this case where "there is a need for speed" because of the injunctive relief sought by Plaintiff. *See Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016) (citing 4B FED. PRAC. & PROC. CIV. § 1134 (4th ed.)).

E-mail is a prompt and reliable method of communication to apprise Defendants of the pendency of this action. *See* Nacht Declaration at ¶ 2. As discussed above, e-commerce sellers

must provide an e-mail address to third-party online marketplace platforms when registering their account and e-commerce platforms are also required to obtain a working e-mail address from sellers under the INFORM Consumers Act. *See* 15 U.S.C. § 45f. E-mail address verification is typically a straightforward process where the third-party online marketplace platforms send an e-mail to the provided e-mail address and require the seller to click a link in the e-mail. Nacht Declaration at ¶ 6. Moreover, it is necessary for merchants such as Defendants, who operate entirely online, to visit their e-commerce store to ensure it is functioning and to communicate with customers electronically. As such, it is far more likely that Defendants can be served electronically than through traditional service of process methods.

For the reasons set forth herein, Plaintiff respectfully requests this Court's permission to serve Defendants via e-mail and electronic publication. In accordance with this request, the proposed Order includes authorization to serve Defendants electronically and provides for issuance of a single original summons[3] that shall apply to all Defendants in accordance with Federal Rule of Civil Procedure 4(b).

[3] The Advisory Committee Notes to the 1993 Amendment to Rule 4(b) states, "If there are multiple defendants, the plaintiff may secure issuance of a summons for each defendant, <u>or may serve copies of a single original bearing the names of multiple defendants</u> if the addressee of the summons is effectively identified." Fed. R. Civ. P. 4(b) advisory committee notes (1993) (emphasis added).

Dated this 29th day of October 2026.

Respectfully submitted,

/s/ Jennifer V. Nacht

Amy C. Ziegler
Justin R. Gaudio
Jennifer V. Nacht
Hannah A. Abes
Greer, Burns & Crain, Ltd.
200 West Madison Street, Suite 2100
Chicago, Illinois 60606
312.360.0080
312.360.9315 (facsimile)
aziegler@gbc.law
jgaudio@gbc.law
jnacht@gbc.law
habes@gbc.law

*Counsel for Plaintiff*
*Volkswagen Group of America, Inc.*