**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

VOLKSWAGEN GROUP OF AMERICA, INC.,

Plaintiff,

v.

A2XSHURUPSAH7F, et al.

Defendants.

Case No. 26-cv-10745

**Judge John J. Tharp Jr.**

**Magistrate Judge Daniel P. McLaughlin**

**Declaration of Jennifer V. Nacht**

## DECLARATION OF JENNIFER V. NACHT

I, Jennifer V. Nacht, of the City of Chicago, in the State of Illinois, declare as follows:

1. I am an attorney at law, duly admitted to practice before the United States District Court for the Northern District of Illinois. I am one of the attorneys for Plaintiff Volkswagen Group of America, Inc. ("Plaintiff"). Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and, if called as a witness, I could and would competently testify as follows:

2. Off-shore e-commerce store operators offering for sale products using infringing intellectual property typically: (1) provide false, misleading and/or incomplete names and physical address information to conceal their locations and avoid liability for their unlawful conduct; and (2) rely primarily on electronic communications to communicate with their third-party service providers and customers. In my experience in anti-counterfeiting investigations, even if a purported address is provided on an e-commerce store, it is unlikely to be legitimate. E-mail has proved to be a reliable mechanism for quickly providing notice to e-commerce store operators in similar cases. Indeed, defendants in cases I have overseen have confirmed receipt of actual notice via e-mail.

3. I have reviewed the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters ("Hague Convention") to which China, the country that Defendants reside in, is a signatory[1]. Additionally, according to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be

---

[1] Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163, 1969 U.S.T. LEXIS 152, https://assets.hcch.net/docs/f4520725-8cbd-4c71-b402-5aae1994d14c.pdf. A list of signatories and contracting parties is available at Hague Conference on Private International Law, Status Table (last visited Nov. 21, 2024), https://www.hcch.net/en/instruments/conventions/status-table.

served with the document is not known."[2] Defendants reside in a member country that has objected to service of process via postal channels.

4. In most instances, e-commerce sellers must provide an e-mail address and physical address to third-party online marketplace platforms when registering their account. Third-party online marketplace platforms generally provide a Seller Alias, a business name, and an address for each of the Defendants in response to court-ordered expedited discovery requests.

5. I, or someone working under my direction, issued expedited discovery requests on the e-commerce platforms requesting Defendants' contact information and addresses. In response to court-ordered expedited discovery requests, third-party online marketplace platforms generally provide a Seller Alias, an e-mail address, a business name (if available), and an address each Defendant input when registering their account. Additionally, I, or someone working under my direction, issued expedited discovery responses to each of the Defendants using an e-mail address provided by the relevant third-party marketplace platform requesting, among other things, Defendants' contact information, including Defendants' addresses. As of today's filing date, Plaintiff has not received any response to the expedited discovery requests.

6. E-mail address verification is typically a straightforward process where the third-party online marketplace platforms send an e-mail to the provided e-mail address and require the user to click a link in the e-mail. However, any verification that may occur for physical addresses is likely not as reliable as e-mail address verification. Since an e-commerce store operator can input any physical address, such addresses may be incomplete, false and/or are not where the e-commerce store operator is located. As such, even if a physical address is available, it is not a reliable or the best means for providing notice to Defendants.

[2] Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, 1969 U.S.T. LEXIS 152, at *16.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 29th day of October 2026 in Chicago, Illinois.

/s/ Jennifer V. Nacht
Jennifer V. Nacht
*Counsel for Plaintiff*
*Volkswagen Group of America, Inc.*